Anna O'Donnell vs. United Electric Railways Co.
John B. O'Donnell vs. Same.

OCTOBER 19, 1926.

Present:   Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

(1)   Automobiles.   Contributory Negligence of Driver.

The right of action of a passenger in an automobile is not affected, as regards third parties by the negligence of the driver.

(2)   Negligence.   Direction of Verdict.

On motion to direct a verdict, the weight of the evidence of negligence or the credibility of witnesses cannot properly be considered by the trial court.
If there is any evidence of defendant's negligence, the case should go to the jury.

(3)   Automobiles.   Negligence.   Direction of Verdict.

Where an automobile was stopped in front of an electric car also stopped on account of traffic; and both automobile and electric car started ahead with ample space between them; and there was no compulsion on the motorman to approach any nearer, and he had but a few feet to go before changing his course; there being a possibility that the automobile might for a variety of reasons stop quickly, the collision by the car coming from the rear made a *prima facie* case of negligence, against the motorman and direction of verdict for defendant was error.

(4)   Automobiles.   Negligence.   Notice of Intention to Stop.

Where an electric car following an automobile, lawfully upon the tracks, was passing through an intersection of city streets crowded with traffic, it cannot be said as a matter of law, that the driver of the automobile is under an obligation to the following electric car to maintain the rate of speed at which he is running at a given time, or that if he slackens his speed or even comes to a sudden stop he is in all cases required to give notice thereof to the following car.   The duty of giving such notice is generally a question of fact for the jury under proper instructions.

(5)   Contributory Negligence.   Question for Jury.

The question of contributory negligence, except when one reasonable inference only can be drawn from the evidence, is for the jury.

(6)   Negligence.   Due Care.

The test of due care exercised by a party, is to be applied in the light of the situation as it reasonably appeared to the party at the time he acted, and not in the light of subsequent events.

(7)   . Negligence.   Due Care.   Questions for Jury.

Where a rear end collision occurred between an electric car and an automobile in front, resulting from the stopping of the automobile through fear of its driver of a collision with traffic in front of him;   the amount and proportion

of care to be given to the vehicles in front and in the rear are dependent on the circumstances and are questions of fact for the jury.

(*8*)  *Automobiles.    Negligence.*

Where the driver of an automobile in front of an electric car, acted in what he thought was an emergency and stopped his car out of extreme caution doing nothing to mislead the following motorman, such conduct is not negligence.

TRESPASS ON THE CASE FOR NEGLIGENCE.    Heard on exceptions of plaintiff and exceptions sustained.

STEARNS, J.    These are actions on the case for negligence to recover damages for injuries to the plaintiffs, caused by a collision between an electric trolley car and a Ford touring automobile owned and driven by the plaintiff, John, in which his wife, the plaintiff Anna, was a passenger.    By agreement the cases were tried together.    At the conclusion of the evidence the trial justice directed a verdict for the defendant in each case.    The only questions presented by the plaintiff's bills of exceptions are in regard to the direction of the verdicts.

The collision occurred at the corner of Franklin and Broad streets in Providence in the late afternoon of a clear day in June, 1922.    Franklin street runs north and south and intersects Broad street, which runs east and west. Both streets are wide.    Defendant operates trolley cars on tracks on both streets.    John O'Donnell; who was driving southerly along Franklin street, was stopped by a signal of a traffic officer when he reached the junction of Broad street, as was also the electric car of defendant, which was behind the automobile.    The traffic was heavy.    After he had allowed the traffic on Broad street to proceed for a time, the officer stopped the traffic on Broad street and signaled for O'Donnell and the trolley car to move forward.    The trolley car was a Riverpoint car and its route was along Franklin street to the corner, thence to the right and west along Broad street.    O'Donnell's destination was across Broad street and on through Beacon avenue, which is a continuation in a straight line of Franklin street on the south of

Broad street. Mrs. Fox, a friend of the O'Donnells, sat on the front seat beside the driver. Mrs. O'Donnell with two children sat on the rear seat.

O'Donnell, at the signal of the officer, started slowly to cross Broad street; after moving forward a short distance, O'Donnell testified that he saw an automobile on Broad street approaching the intersection from the left, at high speed. Fearing that it could not or would not be stopped in time to avoid a collision if he continued into Broad street, O'Donnell gave a signal with his hand, that he was about to stop, and at or about the same time stopped his automobile; within a few seconds thereafter his automobile was struck from behind with considerable force. Mrs. Fox's testimony is to the same effect. The automobile was pushed ahead, the left rear mudguard was broken and a dent was made in the left side of the back of the automobile. The motorman testified, that he had stopped the trolley car about ten feet behind the automobile; the traffic officer signaled for the automobile to go ahead and then for the trolley car to proceed; the automobile started first, then the trolley car started; the trolley car was not going over four miles an hour when the automobile suddenly stopped on the crosswalk; the trolley car had not then gone more than twelve or fifteen feet and was then five or six feet behind the automobile which had gone not more than seven or eight feet when it stopped; he applied the emergency brake and did all he could to stop but could not avoid hitting the automobile; the collision did not move the automobile at all; the driver of the automobile did not give any signal with his hand that he was about to stop.

The trial justice held that the plaintiff John was guilty of negligence in stopping his automobile because there was no necessity for stopping, although plaintiff thought there was, and that there was no negligence on the part of the motorman.

The traffic officer testified that after the collision the motorman stated that he was sorry, that he thought he had

room enough to make it.   The motorman denied making any such statement.

The plaintiff Anna was a passenger and in the circumstances her right of action was not affected by the negligence, if any, of the driver of the automobile.   *Hermann* v. *R. I. Co.*, 36 R. I. 447.   On motion to direct a verdict the weight of the evidence of negligence or the credibility of witnesses could not properly be considered by the trial court.   If there was any evidence of defendant's negligence, the direction of the verdict in the case of Anna was improper as the case then should have gone to the jury.

When the trolley car was started there was no danger of collision as there was ample space between the two vehicles. There was no compulsion on the motorman to approach any nearer to the automobile; he had but a few feet to go before changing his course and turning into Broad street.   There was a possibility that the automobile ahead, which was proceeding slowly, might stop quickly for a variety of reasons, such for instance as a lack of fuel, the stalling of the automobile or failure of the mechanism, or on signal of the traffic officer to give the right of way on Broad street to fire apparatus or an ambulance.   Such possibilities, while not necessarily controlling on the question of due care, can not be entirely disregarded in judging the conduct of the operator of a power-driven vehicle following closely a vehicle ahead.   The collision by the vehicle coming from the rear made a *prima facie* case of negligence against the driver of the car in the rear.

The first question is not was there negligence, but,— was there any evidence of negligence in the conduct of the motorman?   Did he use due and reasonable care in the circumstances?   No two collisions are exactly alike and generally, particularly in a rear end collision, issues of fact are raised which properly should be submitted to the jury.

In *Parker* v. *P. & S. Steamboat Co.*, 17 R. I. 376, 377, this court said: "In collisions, it is almost impossible to do more than state the fact that, while upon a highway, in the

exercise of due care, the plaintiff was run into by the defendant. This raises a presumption of negligence, nothing appearing to the contrary, because of the defendant's control of the agent of the injury, and because such accidents do not occur without negligence. . . . It is enough to state facts which naturally or necessarily raise a presumption of negligence." To the same effect see *Galvin* v. *R. I. Co.,* 34 R. I. 283. In *Samuels & Bro.* v. *R. I. Co.,* 40 R. I. 232, a horse and wagon while being driven on a car track in a city street were struck in the rear by a trolley car of the defendant. It was held that while there was little conflict in the testimony the question whether the collision resulted from the negligent operation of the trolley car was a question for the jury and that a motion to direct a verdict was properly denied. Instructions to the jury, that in the circumstances the burden was upon the defendant to explain that the collision was not the result of negligence on the part of the motorman, and if defendant did not explain to the satisfaction of the jury the circumstances which freed it from the imputation of negligence by reason of the collision the jury would be warranted in finding that it occurred by reason of defendant's negligence, were held to be correct.

Upon proof of the collision, a *prima facie* case of negligence on the part of defendant was established; it then became the duty of defendant to produce proof in defence; and in weighing the whole evidence the burden of proof of a right of recovery remained as it was in the beginning, on the plaintiff. Obviously in this case more care in the operation (4) of the following car was required than on a straight stretch of track on a country highway. Defendant was passing through an intersection of city streets, crowded with traffic. The signal of the traffic officer gave permission to proceed, but did not relieve either the driver of the automobile or of the trolley car of the duty of the continuous exercise of reasonable and proper care. The automobile was lawfully on trolley track. Subject to statutory restrictions, the rate of speed of the automobile was properly

determined by the driver of the automobile. We can not say as a matter of law, that the driver of the vehicle in front is under an obligation to the driver of a vehicle following behind to maintain the rate of speed at which he is running at a given time or that if he slackens his speed, or even comes to a sudden stop, he is in all cases required to give notice thereof to the driver of a following vehicle. Any obligation to give timely notice to the driver of a following vehicle of a slackening of speed, or a stopping, is dependent on a variety of circumstances and the duty of giving such notice is generally a question of fact, which properly should be submitted to a jury with proper instructions.

The presumption of defendant's negligence arising from the collision, the force of the impact, the extent and location of the damage to the automobile, with the admission of fault by the motorman, furnish some evidence of defendant's negligence which should have been submitted to the jury. The weight of this evidence is not now properly in issue. It is well settled that the question of contributory negligence, except when one reasonable inference only can be drawn from the evidence, is for the jury. In the case at bar, the fact that the automobile, which O'Donnell feared would cause a collision if he continued on to Broad street, was brought to a stop at the intersection of the two streets is not decisive of the reasonableness of O'Donnell's conduct. The test of due care in the circumstances is to be applied in the light of the situation as it reasonably appeared to O'Donnell at the time he acted and not in the light of subsequent events. He acted in what he supposed was an emergency; he did nothing to mislead the motorman. He may have been extremely cautious and careful, but such conduct is not negligence. He knew the trolley car was somewhere behind him and in the operation of his automobile he was under some obligation to consider both the traffic before and behind. But the amount and proportion of care to be given to the vehicles in front and in the rear were dependent on the circumstances and were questions of

fact for the jury. The questions of contributory negligence and defendant's negligence should have been submitted to the jury. The direction of the verdicts was error.

In each case plaintiff's exception to the direction of a verdict for defendant is sustained. Each case is remitted to the Superior Court for a new trial.

*Flynn & Mahoney, James W. Leighton,* for plaintiff.
*Clifford Whipple, Alonzo R. Williams,* for defendant.