EDWARD FRANCIS LANE, JR., p. a. *vs.* ROBERT J. BEEDE.

EDWARD F. LANE *vs.* SAME.

MARCH 16, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

SWEENEY, J. These actions on the case for negligence were tried together by a justice of the Superior Court who at the close of the testimony rendered decision for the defendant in each case. Each plaintiff has brought his case to this court by exceptions to the decision on the grounds that it is against the law and the weight of the evidence.

The actions are based upon a collision between a bicycle and an automobile in Providence on Hope street at its intersection by Larch street. Larch street crosses Hope street at right angles. Hope street is about 50 feet wide at this place with double car tracks in the center.

Plaintiff Edward, 13 years old, was riding on his bicycle in an easterly direction on Larch street on his way to a

junior high school. Defendant was driving his automobile in a northerly direction on Hope street. Plaintiff testified that as he neared Hope street he was coasting and, as he reached the westerly line of Hope street, he looked to his left and saw no traffic coming, then to his right and saw defendant's automobile about 100 yards away; that he "took another glance" to his left and started to cross Hope street looking straight ahead and that, after he had crossed the south-bound car tracks and when his bicycle was on the north-bound tracks, he looked to his right and saw defendant's automobile about 6 feet away. Plaintiff introduced testimony tending to prove that the automobile was approaching at a rapid rate of speed and that its left wheel or mudguard struck the rear wheel of the bicycle. As a result of the collision plaintiff was thrown forward and his head shattered the glass in the windshield.

Defendant's testimony was to the effect that he was driving his automobile over the easterly car rail on his right side of Hope street; that he did not see the bicycle until it was within 3 feet of his automobile and that he then applied its brakes and stopped. He testified that the front wheel of the bicycle hit the left front mudguard of the automobile and made a dent in it. A photograph of the automobile showed a dent in the outer edge of the mudguard almost over the rear of the left front wheel. The radiator and bumper were not damaged.

The trial justice found that the boy was guilty of contributory negligence and that his bicycle ran into the left front mudguard of the automobile.

We have repeatedly held that when the evidence is conflicting the finding of facts by the trial justice is entitled to great weight and will not be set aside unless such finding clearly fails to do justice between the parties. *Matteson* v. *Lagace*, 36 R. I. 223; *Hurst* v. *Brayton*, 43 R. I. 378; *Eisenberg* v. *Novograd*, 51 R. I. 15; *Dugan* v. *McGarry*, 145 Atl. 169. The burden was on the plaintiff to prove that he was free from negligence which contributed to the

collision. Before he started to cross the street he knew defendant's automobile was approaching. He testified he was going slowly and could stop very quickly. If he had looked to his right when crossing the street instead of looking straight ahead undoubtedly he could and would have stopped his bicycle in time to have avoided the collision. In failing to look and stop he was negligent. *Correia* v. *Cambra*, 51 R. I. 472; *Labbee* v. *Frenze*, 53 R. I. 168.

Plaintiff argues that assuming he was negligent, defendant had the last clear chance to avoid the collision. This doctrine is not supported by the evidence. The trial justice found as a fact that the bicycle ran into the automobile. Furthermore, defendant had no notice that plaintiff intended to cross Hope street until he had nearly reached its center and then it was too late to avoid the collision. *Kalify* v. *Udin*, 52 R. I. 191; *Correia* v. *Cambra*, *supra*.

We find no error in the decision and the exceptions to it are overruled. Each case is remitted to the Superior Court with direction to enter judgment for defendant.

*Edward F. McElroy, William I. Matzner*, for plaintiff.
*Sherwood & Clifford, Raymond E. Jordan*, for defendant.