CHARLES DOUGLAS *vs.* FIRST NATIONAL STORES, INC.

MAY 18, 1934.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

STEARNS, C. J.   This action on the case for negligence is here on the exceptions of plaintiff to certain rulings on evidence and to the direction of a verdict for defendant.

The declaration alleges that the defendant corporation was engaged in the business of manufacturing and bottling soda and carbonated beverages and that it was its duty to exercise reasonable and proper care in the manufacture and bottling of said beverages so that they should not contain an excess of carbon dioxide or carbonic acid gas; that plaintiff purchased at one of defendant's stores in Providence a bottle of orangeade soda which he placed in the ice chest in his home; that the next day plaintiff took the bottle from the ice chest and while, in the exercise of due care, he was in the act of opening said bottle it exploded and his hand was injured by the broken glass.   The alleged negligence of defendant is that said bottle of soda was charged with an excess of carbon dioxide or carbonic acid gas.

The plaintiff testified that he purchased the soda in defendant's store, deposited it that day in his own ice chest

and removed it therefrom the next day; that in removing the bottle he did nothing "to stir it up" and that he did not strike it against anything; that as he was carrying it in his hand, holding it by its neck, there was a loud explosion, the bottle was blown into pieces and as a result his hand was severely injured. He testified that for four or five years he had been engaged in the business of bottling soda and that he was and is "acquainted with the nature of bottling soda water." Counsel for defendant then objected to a continuance of plaintiff's testimony on this general line of evidence. In answer to an inquiry by the court, counsel for plaintiff stated that he did not contend that the bottle was defective but expected to prove that there was an excessive charge of gas in this particular bottle; that if this bottle was defective it would have broken in the charging machine as often happens when a bottle is being charged with gas. The trial justice ruled that the evidence offered was inadmissible as the bottle might have been broken from many different causes; that plaintiff was required to prove by a chemical analysis of the contents of the bottle that there was an excess of gas therein. To this ruling plaintiff duly took exception.

Plaintiff then made the following formal offer of proof which was rejected and plaintiff's exception was noted. "The plaintiff offers to prove through his witnesses, if they were permitted to testify to that effect, that at the time of the bottling of soda water if the bottle into which the soda water is put is of itself defective and of an improper quality, the bottle would break at that time by reason of the pressure being exerted upon it; and that, if soda is bottled and while being so bottled, the bottle is not broken while in the bottling machine and that if there is an explosion at some time subsequent to the bottling of the soda, that this explosion would be caused by reason of the unreasonable, improper and negligent amount of pressure from the carbonic gas contained in the bottle. This the plaintiff offers to prove through the plaintiff himself, formerly

engaged in the business of manufacturing and bottling soda water, and through two other witnesses who would so testify; both of whom are now engaged in the business of bottling soda. That is my offer of proof." The defendant offered no evidence, rested its case and moved for a directed verdict. A verdict was directed for the defendant.

On a motion for nonsuit or direction of a verdict for defendant, if there is any evidence to support plaintiff's right of action the case must be submitted to the jury. The truth of plaintiff's evidence and all legitimate inferences therefrom favorable to plaintiff are in effect admitted by these motions; the weight of the evidence is not an issue. *Hamblin* v. *Newark Fire Ins. Co.*, 48 R. I. 473; *Reddington* v. *Getchell*, 40 R. I. 463; *Baynes* v. *Billings*, 30 R. I. 53.

It is common knowledge that soda water when properly bottled is a harmless beverage in general use. The charge of negligence in the declaration is specific. Plaintiff does not rely on the doctrine of *res ipsa loquitur;* he disclaims any right to recovery by virtue of that doctrine. He offered to prove that defendant made and bottled this soda and that when it was sold and delivered to him it had by defendant's negligence in overcharging it with gas become a dangerous explosive. There is nothing inherently improbable in the nature of the evidence which was rejected. If he can sustain his offer of proof he may be entitled to recover for damages resulting from such negligence.

The question now is not as to the weight of this evidence but as to its legal relevancy in the proof of plaintiff's case. That it is relevant is clear. The offer of proof clearly required that the issues should be submitted to the jury. The rejection of such evidence was erroneous and the exception thereto is sustained.

The following authorities were submitted by counsel for both parties on the subject of explosions of charged soda beverages. Some of these are decided on the doctrine of *res ipsa loquitur,* but all, we think, tend to support the proposition that in such a case as the one at bar there is

sufficient evidence to require its submission to a jury. See *Payne* v. *Rome Coca-Cola Bottling Co.,* 10 Ga. App. 762; *O'Neill* v. *James,* 138 Mich. 567; *Wheeler* v. *Laurel Bottling Works,* 111 Miss. 442; *Dail* v. *Taylor,* 151 N. C. 284; *Stone* v. *Van Noy R. R. News Co.,* 153 Ky. 240.

The plaintiff's exceptions are sustained and the case is remitted to the Superior Court for a new trial.

*George Helford,* for plaintiff.

*Clifford A. Kingsley, Francis V. Reynolds,* for defendant.