UNITED ELECTRIC RAILWAYS COMPANY *vs.* PENNSYLVANIA
PETROLEUM PRODUCTS COMPANY.

MAY 17, 1935.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker, and Condon, JJ.

BAKER, J. This is an action of trespass on the case for negligence in which the jury returned a verdict for the plaintiff. No question is raised by the defendant as to the amount of damages assessed. The case is before this court on the defendant's exceptions to the refusal of the trial justice to direct a verdict in its favor, and to his refusal to grant its motion for a new trial.

The evidence discloses that the basis for this suit is a collision which occurred on March 2, 1932, at about 6:25 p. m., at the intersection of Steeple and Canal streets in the city of Providence, between a passenger bus, owned and operated by the plaintiff company, and a large oil truck belonging to the defendant corporation. At the time, the weather was clear, the lights of both vehicles were on, and the interior of the bus was illuminated. The bus, proceeding westerly, came out of Steeple street, a one-way thoroughfare, bore somewhat to its left in crossing Canal street toward Exchange Place, and was struck in the center of the left side by the defendant's truck, which was going in a northerly direction on said last named street. At the time of the accident, the entire length of the bus was some appreciable distance into Canal street.

The principal contention of the defendant is that the operator of the bus was guilty of contributory negligence as a matter of law, and that therefore the trial court should have directed a verdict against the plaintiff. The particular act of omission charged by the defendant is that the bus driver, having noticed the defendant's truck approaching the intersection, failed to keep a proper lookout toward it so as to enable him to avoid the collision as the vehicles converged.

From the plaintiff's testimony, it appears that the bus was proceeding slowly on Steeple street as it neared the corner of Canal street. It slowed still more to permit an automobile going northerly on Canal street to pass. The operator then looked toward his left and saw the lights of defendant's truck something over 200 feet away on Canal

street, coming toward the intersection. The speed of the truck was estimated to be in the neighborhood of twenty miles per hour. At this time, the front of the bus was about even with the east curb line on Canal street. The bus continued out into that street at a slightly increased speed, and the operator looked toward his right to see if any traffic was coming from that direction. There being none, he then looked ahead so that he would not run into the curbing on the other side of Canal street and in order to proceed toward Exchange Place. He then caught sight of the defendant's truck on his left, seventeen or eighteen feet away and proceeding at about the same speed as before. He stopped the bus immediately, and almost at once it was struck.

It is well established that on a motion for direction of a verdict for a defendant, if, on any reasonable view of the testimony, the plaintiff can recover, then the case must be submitted to the jury. All legitimate inferences, favorable to the plaintiff from the evidence presented, must be given effect. On such a motion the weight of the evidence and the credibility of the witnesses is not before the trial court for determination. *Reddington* v. *Getchell*, 40 R. I. 463; *Douglas* v. *First National Stores, Inc.*, 54 R. I. 278, 172 Atl. 723. We have also frequently held that the question of contributory negligence ordinarily is one of fact to be determined by a jury, unless the evidence is so clear that only one reasonable inference can be drawn therefrom. *O'Donnell* v. *United Electric Railways Co.*, 48 R. I. 18; *Cunningham* v. *Walsh*, 53 R. I. 23.

In support of its claim that the trial justice erred in not granting its motion for a directed verdict, the defendant has cited four decisions of this court, viz.: *Correia* v. *Cambra*, 51 R. I. 472; *Labbee* v. *Frenze*, 53 R. I. 168; *Lane* v. *Beede*, 54 R. I. 168, 171 Atl. 371; *Wildenhaim* v. *Knight*, 173 Atl. (R. I.) 83. We have carefully examined these cases, and in our opinion they are all distinguishable on the facts from the one now before us.

In *Correia* v. *Cambra, supra,* the plaintiff's evidence showed that when 100 feet from an open intersection in the country, he looked and saw defendant's automobile 300 feet away on the other road. He did not observe the speed of this car, but other evidence fixed it at between forty and fifty miles per hour. The plaintiff did not look again as his car reached the intersection, but started to cross at about fifteen miles per hour, and was struck. The direction of a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law in failing to note the speed of the approaching car, and in failing to look again at the intersection, was upheld by this court.

In *Labbee* v. *Frenze, supra,* the jury found for the plaintiff, and on exceptions this court remitted the case for entry of judgment for the defendant on the ground that the plaintiff had been guilty of contributory negligence as a matter of law, because he failed to look when he had a clear view as he reached a street intersection in Providence. The plaintiff's evidence showed that he drove his car from a side street into a main highway where travel was heavy. From where he looked, he could see only sixty or seventy feet of the main highway, because of a building on the corner. He did not look again before proceeding out into the intersection where he was struck. From the evidence it appeared, however, that if he had looked again just before reaching the corner he would have been able to see past the building and a long distance into the other street.

The case of *Lane* v. *Beede, supra,* was tried to the court. The judge found that the plaintiff, a boy of thirteen, was guilty of contributory negligence as a matter of fact, in that, among other circumstances, he rode his bicycle into the side of the left front mudguard of defendant's car at an intersection. This court refused to reverse this finding on the familiar principle that the decision of a trial judge, on a question of fact, when the evidence is conflicting, is entitled to great weight and will not be disturbed unless it clearly

fails to do justice between the parties, and held that the plaintiff, having seen the defendant's automobile approaching for a considerable distance, did not keep a proper lookout toward it, and was negligent in failing to look and stop.

In *Wildenhaim* v. *Knight, supra,* this court sustained the action of the trial court in directing a verdict for the defendant on the ground that the plaintiff was guilty of contributory negligence as a matter of law. Here it appeared from the plaintiff's testimony that she stopped her automobile at the intersection of two streets in Providence. She started again, and saw the defendant's car coming from the left only seventy-five feet away and going at about thirty-five or forty miles per hour. She continued and did not look toward defendant's car till just before the impact. It was held that the plaintiff had left a place of safety in the face of known danger, and had continued on without paying any further attention to the situation.

It seems obvious that cases arising out of the collision of vehicles at street intersections must usually be determined largely on the particular facts appearing in each case. The general rules regarding the duty of drivers to look are reasonably well settled, but their proper application is affected by each set of facts.

In the instant case, the evidence was contradictory in many respects, particularly as to the speed of the respective vehicles just prior to the accident, the distance the plaintiff's bus had proceeded out into Canal street at the time it was struck, the distance the defendant's truck was from the intersection when the bus first came out of Steeple street, and the manner in which the two vehicles were operated. The submission to the jury of the question of the negligence of the operator of the defendant's truck was not objected to. In our opinion there was no error in the refusal of the trial justice to direct a verdict for the defendant on the ground that the plaintiff's driver was guilty of contributory negligence as a matter of law.

Undoubtedly, it is well established that an operator of a vehicle crossing or turning into an intersecting highway has the duty of continuing to look while making the crossing or the turning, as well as before entering the intersection, but this does not necessarily require a constant observation in one direction only. Circumstances may require that he look in several directions. We also recognize the general rule that an operator of a vehicle at an intersection, having seen another vehicle approaching on the other highway, and having observed its speed and position, should, if he drives out into the intersection, keep constantly in mind the realization that the second vehicle may continue to draw near, and should exercise ordinary care under the circumstances, in view of the danger to be apprehended.

In this case, however, we do not find the operator of the plaintiff's bus guilty of contributory negligence as a matter of law. The plaintiff's evidence shows that in the early evening its driver came out slowly into an intersection in the center of the city, with the possibility of traffic from several directions. He looked first toward the left, from which direction traffic would approach on the side of Canal street he would first cross, and saw the defendant's truck more than 200 feet away and proceeding at a moderate speed. The bus continued to move forward, and he looked toward the right, from which direction the next traffic would come; he then looked ahead to fix the course of the bus, and from the corner of his eye saw the defendant's truck again, close on his left.

We are of the opinion that this testimony fairly raised an issue of fact, as to whether the plaintiff's operator, in proceeding out into Canal street, after he had observed the defendant's truck approaching from his left, over 200 feet away, at a speed of about twenty miles an hour, and in looking to the right and then ahead before observing the defendant's truck for the second time, acted in a reasonably prudent manner under all the circumstances then existing;

and that the question of whether or not he was guilty of contributory negligence was properly submitted to the jury.

In connection with the defendant's exception to the refusal of the trial court to grant a new trial, we have carefully examined the evidence. In many respects it is conflicting. We find no such preponderance in favor of the defendant as would warrant us in sustaining this exception and granting a new trial. In fact, the defendant's claim that the plaintiff's bus came out of Steeple street at fifteen miles per hour, when the defendant's truck was only a very short distance from the intersection, is based chiefly on the testimony of the truck driver, and has little substantiation from the evidence of the other witnesses. In our opinion the jury's verdict was supported by the testimony, and the action of the trial justice in refusing to grant the defendant's motion for a new trial was without error.

The defendant's exceptions are overruled, and the case is remitted to the superior court with direction to enter judgment on the verdict.

*Clifford Whipple, Frank J. McGee,* for plaintiff.
*William A. Gunning,* for defendant.