PATRICK E. HARDING *v.* LOUIS D. PIERCE.

MAY 10, 1940.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This is an action of trespass on the case for negligence to recover for personal injuries and other damage resulting from a collision between the automobiles of the plaintiff and defendant. In the superior court the trial justice granted the defendant's motion for a direction of verdict and the case is before us upon the plaintiff's single exception to such ruling.

The accident happened about 8 o'clock, a. m., on November 23, 1932 on the Post Road at Hillsgrove. The Post Road is a four-lane highway 40 feet wide and runs north and south. The plaintiff's private driveway entered the Post Road from the west. The weather was clear, the road was dry, and on the highway there was no other traffic or

obstruction to the vision of the plaintiff, or of the driver of defendant's automobile. Defendant's driver will be hereinafter referred to as the defendant.

There was evidence to show the following facts. The plaintiff drove easterly along his driveway and came to a full stop at the westerly curb line of the Post Road. He first looked to his right, that is south, and no traffic was coming from that direction. He then looked to his left, that is north, and saw the defendant's car being driven, in the first or extreme westerly lane of the Post Road, in a southerly direction toward the driveway. At that time the defendant's car was near the "Johnson house" which was located over 600 feet north of plaintiff's driveway. The plaintiff, after stopping a second or so at the curb line, proceeded in low speed to cross the Post Road "on a bias", intending to go north towards Providence. Plaintiff's automobile had crossed the center white line of the highway and had reached the third lane, with its front right wheel actually in the fourth or extreme easterly lane, when defendant's car hit and pushed it back southeasterly about 10 feet, almost to the easterly curb of the fourth lane.

There was also evidence that defendant's car had been proceeding at the rate of about 40 miles per hour and had suddenly turned out of the first lane a short distance before the collision; and that burned rubber tire marks, indicating locked wheels, extended for 66 feet from a point in the first lane to the rear of the defendant's car where it stopped after the collision. The defendant did not substantially check his speed or apply the brakes when he first saw plaintiff 25 feet back on the driveway or when the plaintiff was actually approaching the Post Road; and defendant was far enough away at both of these times so that, as he said, if he had thought plaintiff would not stop, "I believe I could have stopped. If he had been right in the lane in front of me I could have stopped, yes." The defendant

did not stop, or check his speed, because he thought or "figured" that if he pulled over into the second lane, he would get ahead of the plaintiff and give the latter plenty of chance to stop; that this happened when he was about 100 to 125 feet north of the driveway; that when he saw that plaintiff was not going to stop, and that he could not get around the plaintiff, he swung his car into the second lane and applied his brakes hard but drove into the left side of the plaintiff's car. There was no traffic coming from the south in the third or fourth lanes. The plaintiff on this view of the evidence traveled about 30 feet while defendant's car traveled at least 400 feet; and the first lane remained open to traffic.

On the other hand, there was also evidence to show that the plaintiff continued out of the driveway into the Post Road without stopping at all at the westerly curb line; that he looked only to his right and never looked to his left toward the defendant's car and paid no attention to the road or defendant's car as he proceeded out across the Post Road; that defendant's car was only 150 or 160 feet north of the driveway when plaintiff was yet in the driveway about 25 feet west of the curb and moving in low speed toward the Post Road; and that defendant figured the plaintiff would stop at the gateway or at least at the curb before proceeding into the highway.

There was further evidence that the defendant remained in the first lane until about 125 feet north of the driveway, when he realized the plaintiff might not stop; and the defendant, releasing the gas, then pulled quickly into the second lane, figuring that he could get by the driveway before the plaintiff had reached that point and leave more room in the highway for plaintiff to stop. When it became apparent that the plaintiff was not stopping at all, defendant was less than 100 feet away and put his brakes on hard; his left wheels at no time crossed the middle white line,

and the collision took place in the second instead of the third lane. The fourth lane was open for traffic after the accident.

The plaintiff contends that all this evidence and the reasonable inferences therefrom, considered most favorably to the plaintiff according to the well-established rule on motions to direct, presents material issues of fact for determination by the jury upon conflicting evidence. The defendant concedes the rule but contends that the evidence fails to establish any negligence on the part of the defendant; and that, if it does, the evidence also establishes the contributory negligence of the plaintiff as a matter of law. The trial justice concurred with the defendant's view and directed a verdict for the defendant.

We have examined the evidence in the light of our well-established rule on such motions and we are of the opinion that the trial justice was in error. While the defendant concedes the rule, he apparently argues from the view of the evidence that is most favorable to the defendant rather than to the plaintiff. This might be forceful upon a motion for a new trial, where the credibility of the witnesses and weight of the evidence would be open to our consideration; but it is not the rule, as we have repeatedly stated and applied it on motions to direct a verdict.

If all the evidence and the reasonable inferences therefrom are considered most favorably to the plaintiff, the case presents material issues of fact concerning the defendant's negligence and the plaintiff's freedom from contributory negligence to be determined by the jury upon conflicting evidence. The question of plaintiff's contributory negligence is ordinarily one of fact, unless the only reasonable view of the evidence would lead to but one conclusion, namely, that the plaintiff was guilty of contributory negligence. See *United Electric Rys. Co.* v. *Pennsylvania Petroleum Products Co.*, 55 R. I. 154, 156. Upon the view of the

evidence most favorable to the plaintiff, we think that the issue of contributory negligence was a question of fact for determination by the jury under proper instructions from the court. The same conclusion is reached, upon such a view of the evidence, as to defendant's negligence.

For the reasons stated, the plaintiff's exception is sustained, and the case is remitted to the superior court for a new trial.

*Edward L. Leahy, Harold W. James,* for plaintiff.

*William A. Gunning,* for defendant.