Fred A. Harmon *vs.* Jennie Costanza.
Annie S. Harmon *vs.* Same.

NOVEMBER 19, 1941.

Present: Flynn, C. J., Moss, Capotosto, Baker & Condon, JJ.

Flynn, C. J. These are actions in trespass on the case brought respectively by a husband and wife to recover damages resulting from injuries to the wife allegedly caused by the negligent operation of defendant's automobile. In the superior court the trial justice granted the defendant's motion for a directed verdict in each case; and they are before us on the plaintiffs' exceptions to that and other rulings of the court. Since recovery in the husband's case depends on a verdict for the wife in her action, we shall consider the matter as if only her case were before us.

The plaintiff now relies solely on her exception to the ruling of the trial justice granting the defendant's motion for a directed verdict on the ground that the plaintiff was guilty of contributory negligence as a matter of law, all other exceptions being expressly waived.

The following facts, among others, appear in the evidence. Columbia street is a public highway in the town of South Kingstown in this state, running generally north and south. It is about 27 feet wide from curb to curb and is approximately straight and level for a distance of about 900 feet in the vicinity of the accident. This occurred March 6, 1939 about 7:45 o'clock in the evening. Automobiles were parked along the westerly curb for some distance northerly from the Masonic Temple and some others were stopped or parked along the opposite easterly curb, making the traveled portion of the street in general about 15 feet wide. The road was then dry and the immediate locality was well lighted.

The plaintiff was dressed in a white evening gown and wore slippers. She stepped from an automobile, belonging to her son, to the easterly sidewalk of said street and looked southerly to her left, and northerly to her right. At that time she saw one automobile coming toward her from the south and another coming from the north. She then walked along the sidewalk to the rear of her son's automobile, stepped into the street and stood at the rear left fender or taillight about 6 feet from the easterly curb. From that place and before starting to cross toward the westerly side of the street she again looked to her left and to her right.

The automobile which she had previously observed coming from her left had disappeared by that time; but the one which she had first observed coming from her right, and which later proved to be defendant's automobile, had progressed in her direction to a point in front of the Avery property. This appears in evidence to be between 221 and 250 feet northerly from the place where plaintiff was struck by defendant's automobile. Plaintiff was unable to estimate, in miles per hour, the speed at which defendant's

automobile, when in front of the Avery property, was approaching from her right. However, before starting to cross she did observe the short distance she would have to traverse and the much greater distance which the defendant's automobile must cover before her safety would be endangered. There was no evidence that she knew or had reason then to appreciate that the defendant's automobile was traveling or would travel at an unusually high rate of speed or one in excess of the lawful rate for a closely built up section. From her observations and judgment based on the existing facts, she proceeded to cross the street, as she said, hurrying without lagging, but not running. She did not again observe the progressive positions of the approaching defendant's automobile, until it was coming at her approximately 6 feet away, when its headlights shone directly upon her for the first time.

Other evidence indicated that when she was crossing the center of the traveled portion of Columbia street the defendant's automobile was not closer to her than the Tucker property. According to one view of that evidence, the automobile then would have to travel about 100 feet while she had only about 6 or 7 feet to reach a point of safety behind the parked cars on the westerly side. According to some of her testimony, the plaintiff had covered all, or at least practically all, of the traveled portion of Columbia street before she was struck; and there was other evidence, if believed, and viewed most favorably to the plaintiff, tending to show that the defendant's automobile had changed its course from the center of the street and had "scooped" in toward the plaintiff and then veered sharply out to defendant's left away from her, just before she was struck with the right front fender or headlight.

Other witnesses testified that the defendant's automobile was proceeding at the rate of thirty to thirty-five miles per hour when it was opposite the Avery property and that it had not substantially lessened its speed until the brakes were applied violently when it was about 6 feet from the

plaintiff; and that the defendant's automobile proceeded 30 to 40 feet after the accident before it came to a stop.

Ordinarily the question of plaintiff's contributory negligence is one of fact for the jury. *United Electric Rys. Co.* v. *Pennsylvania Petroleum Products Co.*, 55 R. I. 154; *Hemmerle* v. *Aldrich*, 58 R. I. 227. We have also repeatedly held that the trial justice, on a motion to direct a verdict, must view the evidence and draw all proper inferences therefrom most favorably to the party opposing the motion and that he is not then called upon nor permitted to weigh the evidence or pass upon the credibility of the witnesses. *Bouthillier* v. *United Electric Rys. Co.*, 58 R. I. 419; *Hill* v. *Cabral*, 62 R. I. 11; *Salerno* v. *Sheern*, 62 R. I. 121; *Harding* v. *Pierce*, 64 R. I. 490, 13 A. 2d 276. That the trial justice, however, did not observe these rules is clear from his ruling that "this woman *ran* in front of that car" and that "she had no business to cross the street." (italics ours)

One witness testified that plaintiff was not running and on cross-examination admitted that he had told the police, shortly after the accident, that she was running; and he then sought to explain what he meant by "running". Other witnesses, including the plaintiff, had testified that she was not running. Whether the plaintiff was actually running or walking and whether, in either event, she had acted as a reasonably prudent person would have acted under the existing circumstances cannot be determined upon this record, in our opinion, without weighing the evidence and passing upon the credibility of the witnesses. Apparently, the trial justice treated the motion as if it were a motion for a new trial, and in doing so he was in error.

But the defendant urges that, apart from any reason assigned, the conclusion was correct and that the plaintiff should be adjudged guilty of contributory negligence as a matter of law. In view of this contention, we have carefully examined the transcript of evidence to determine for ourselves whether the evidence on that issue submitted to only one reasonable conclusion, as defendant contends.

In such consideration we are bound, as the trial justice was, to view the evidence reasonably in the aspect most favorable to the plaintiff rather than to draw possible contrary inferences that would be most favorable to the defendant. So considered, we cannot say that the evidence leads to only one reasonable conclusion. It seems to us to be open to different conflicting inferences bearing upon the question whether the plaintiff acted for her own safety as a reasonably prudent person would have acted under the existing circumstances. Therefore, the question of plaintiff's contributory negligence should have been left as a fact to be determined by the jury in the first instance.

This is not a case where plaintiff stepped from a place of safety directly into the path of imminent danger from a rapidly approaching automobile, without ever having looked in that direction. Nor is it one, at least on the view of the evidence most favorable to the plaintiff, where the facts are similar to those in any of the cases cited by the defendant. All of them are clearly distinguishable from the instant case.

The plaintiff's first exception in each case is sustained and each case is remitted to the superior court for a new trial.

*Joseph R. McKanna,* for plaintiffs.

*Patrick H. Quinn, James B. Linehan,* for defendant.