MARY KANE *vs.* BURRILLVILLE RACING ASSOCIATION.

AUGUST 1, 1947.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

CAPOTOSTO, J. This is an action of trespass on the case for negligence to recover for personal injuries sustained by the plaintiff while an invitee at defendant's race track. A jury in the superior court returned a verdict for the plaintiff for $5000. Defendant's motion for a new trial was thereafter heard and denied on condition that the plaintiff remit all of the verdict in excess of $4000; otherwise a new trial was granted. The plaintiff duly filed such remittitur. The case is before us on defendant's exceptions to the overruling of its demurrer to plaintiff's declaration; to the admission of certain evidence; to a portion of the charge; to the denial of its motion for a directed verdict; and to the denial of its motion for a new trial.

A brief outline of the evidence, which substantially follows the material allegations of the declaration, is sufficient for our purposes. The defendant owned and operated a race track in Pascoag in this state. The track had a covered wooden grandstand, estimated at between 100 to 140 feet long, with fire extinguishers of the soda-acid type, so called, which emit a spray or stream with a hissing noise when tipped over. Each extinguisher hung from a bracket affixed to the side of a roof support. The bracket had a protruding lip on which the handle of the extinguisher rested, and when thus hung the bottom of the extinguisher was from five to six feet from the floor of the grandstand. There was evidence that the extinguisher could be dislodged and caused to fall by a bump of sufficient force, especially if the force were exerted upwardly.

On October 7, 1943, the plaintiff, who had paid the admission fee, sat in the easterly part of the grandstand to watch the races. While she was so engaged, an unknown and excited patron in the westerly part of the grandstand inadvertently hit the bottom of the extinguisher, apparently with his shoulder, dislodging it from its support and causing it to fall to the floor, from whence it started to roll down a near-by stairway. The noise of the fall together with the "sizzling" sound and the spray that came from the extinguisher created a commotion, which, accompanied by cries of "Fire!" and "Bomb!" from persons in that immediate vicinity, resulted in a stampede, so called, that involved and injured the plaintiff.

■ Defendant's first exception is to the overruling of its demurrer to plaintiff's declaration. This exception requires no discussion in view of our recent decision in *Phelps* v. *Burrillville Racing Association*, 73 R. I. 84, where we overruled the plaintiff's exception to the sustaining of a demurrer to that declaration in an action for negligence arising out of the same accident as is involved in the instant case. We have examined the declaration now before us and we find that it substantially complies with our opinion in the *Phelps* case. This exception is overruled.

We will next consider defendant's exceptions numbered 32 and 33, which are to the denial of its motion for a directed verdict. In support of these exceptions the defendant strongly relies upon the case of *Palsgraf* v. *Long Island R. R. Co.*, 248 N. Y. 339, where the majority opinion held that the plaintiff was not entitled to recover because the injury to her was not reasonably within the "orbit" of the natural and probable consequences of defendant's negligence. Briefly stated, the facts in that case were as follows. A man, who was carrying a small bundle wrapped in newspaper, jumped aboard one of the cars of a train that had just started. Appearing unsteady and as if about to fall, a guard on the car reached forward to help him in, and another guard on the station platform pushed him from behind. While he was

being so helped, the package, whose contents were unknown to the guards but which consisted of fireworks, was dislodged and the fireworks exploded when they fell upon the tracks. At that time the plaintiff, a woman who was waiting for her train, was many feet away, standing close to some scales on the station platform. The shock of the explosion knocked down the scales, which in turn struck the plaintiff causing injuries for which she sued.

The New York court divided on the question as to whether the evidence in that case showed actionable negligence on the part of the defendant. The same basic question of law confronts us in the instant case, but the theory upon which the plaintiff here rests her case and the evidence in support thereof are so different as to make the *Palsgraf* case inapplicable. In the case at bar the plaintiff proceeds on the theory that the extinguisher, whose contents and operation were known to the defendant, was a part of the equipment of the physical plant that was under defendant's management and control; that defendant reasonably should have foreseen that the extinguisher, placed and maintained as it was, could accidentally be dislodged and fall to the floor; and that in a public gathering, such as the defendant knew would gather upon its premises, the noise of the fall, together with the sizzling sound and spray that might come from the extinguisher, could reasonably be expected to frighten the crowd and cause a commotion that might probably result in injury to defendant's patrons.

The defendant was not an insurer of the safety of its patrons. Its duty to them was to exercise reasonable care in so placing and maintaining the equipment on the premises under its management and control as to protect them against danger that was reasonably foreseeable. The difficult question in the instant case is whether, in the circumstances of record, the harm to the plaintiff was reasonably foreseeable by the defendant as a natural and probable result of the alleged negligent manner in which it hung and maintained the extinguisher, if such hanging and mainte-

nance were first found to be negligent in fact. Assuming that the defendant were found to be negligent in the matter of hanging the extinguisher, the next question is whether the resulting danger to its patrons from the dislodgment and fall of the extinguisher was reasonably to be apprehended by the defendant. In short, the ultimate determinative question is whether the defendant's conduct, if negligent, was the proximate cause of plaintiff's injuries.

The questions of negligence and of proximate cause are at times for the court, and at other times, if varying reasonable inferences are possible, they are for the jury. In considering a motion for a directed verdict our settled rule is that the evidence and the reasonable inferences therefrom must be construed most favorably to the plaintiff. Unless the evidence submits to but one reasonable conclusion, a motion for a directed verdict should be denied, as the weight of the evidence and the credibility of the witnesses are then for the jury. In our judgment, the evidence in the instant case clearly presented questions for determination by a jury. Defendant's exceptions 32 and 33 are overruled.

Defendant's exceptions 8, 9 and 10 relate to the testimony of the plaintiff as to what an unidentified man said to her after the accident. She testified that while she was going out a man came up the stairs and, putting his arm around her shoulder, first asked her if she was hurt and then said, "I want to get you off the grand stand as quickly as I can because the roof is caving in." This statement was admitted in evidence as part of the *res gestae*.

In order for a statement to be admitted as part of the *res gestae* it must appear that such statement is so intimately connected with the occurrence to which it relates as to be regarded as a part of such occurrence. It must further appear that the statement was the instinctive utterance before reflection of a participant in or witness of the actual occurrence. See *O'Brien* v. *M & P Theatres Corp.*, 71 R. I. 339; *Gouin* v. *Ryder*, 38 R. I. 31; *Canham* v. *Rhode Island Co.*, 35 R. I. 177.

█ The statement that was allowed in evidence in the instant case in no way meets the test for its admissibility as part of the *res gestae*. It does not appear that the person who made that statement participated in or witnessed the occurrence, and what he said had no relation whatsoever to the circumstances upon which the plaintiff relied to impose liability on the defendant. Apparently coming from outside the grandstand after the accident had happened, his statement concerning the occurrence that resulted in injury to the plaintiff was purely imaginary, as there is no evidence in the transcript that there was anything wrong with the roof and much less that it was "caving in". The admission in evidence of the statement under consideration as part of the *res gestae* was clear error and we cannot say that, in the peculiar circumstances of this case, it was not prejudicial to the defendant. Exceptions 8, 9 and 10 are sustained.

█ Defendant's exception 38 is to a certain portion of the charge. At the very end of the charge and immediately following a reference to the alleged cause of the stampede, the trial justice gratuitously called to the attention of the jury that at the time of the accident this country was at war with Germany, Japan and possibly Italy, and that they could take that fact into consideration in determining the reaction upon the patrons at the race track from the noise made by the fall of the extinguisher. In our judgment this unnecessary statement was clearly prejudicial, in that it strongly tended to divert the attention of the jury from a fair consideration of the evidence. That the jury was probably influenced thereby seems to be demonstrated by the fact that, although the plaintiff suffered no permanent or other serious incapacitating injury, the jury returned a verdict for her in the sum of $5000, which was the full *ad damnum* in the writ. This verdict the trial justice found grossly excessive and ordered a remittitur of $1000 in his decision on defendant's motion for a new trial. Defendant's exception 38 is sustained.

Taking into consideration the combined prejudicial effect of the errors hereinbefore discussed, we are of the opinion that justice requires a new trial of the case on all issues. In view of this conclusion, it is unnecessary to consider defendant's other exceptions.

Defendant's exceptions 8, 9, 10 and 38 are sustained, and the case is remitted to the superior court for a new trial on all issues.

Moss, J., did not participate in the decision.

*Edward F. Dwyer,* for plaintiff.

*Francis V. Reynolds,* for defendant.