EDWARD MALFETANO *vs.* UNITED ELECTRIC RAILWAYS COMPANY.

LORETTA MALFETANO, *p. a. vs.* SAME.

APRIL 23, 1937.

PRESENT: Flynn, C. J., Moss, Baker, and Condon, JJ.

130

Moss, J. These are actions on the case, of which the former was brought by Edward Malfetano and the latter by his minor daughter, by him as her next friend, to recover for damages sustained by them respectively from severe personal injuries inflicted upon her by a trolley car belonging to the defendant. The plaintiffs allege that they were respectively in the exercise of due care at the time and that the accident was caused by the negligent operation of the car by the defendant's servant. The two cases were tried together.

The daughter, at the time of the accident, was six years and five months old and she and her friend Louise Barry, a child almost twelve years old, were on their way to a house on the west side of Elmwood avenue in the city of Providence. There they expected to join another child and the

three of them were to be taken to a school where the child plaintiff was to take part in a school play. It was then already dark and the street lights were on. The defendant's track for southbound cars in this section was on the west side of the street, between the sidewalk and the middle part of the street, which was used for general vehicular traffic and from which the track was separated by a six feet wide strip of grass with large trees in it at considerable intervals.

The story of the accident, as testified to by the plaintiffs and Louise Barry, was as follows. The child plaintiff and her friend were taken by the former's father in his automobile to a place on the west side of the middle part of the street a few feet north of the house to which the children were going. There he stopped the automobile, which was headed south, and looked back to see if any trolley car was coming from the north, but saw none. The children then got out and started to walk toward the house, while he remained in the automobile. The child plaintiff was in the lead and had crossed the strip of grass, when it was discovered that the plaintiff's costume for the play had been left in the automobile.

So the older child started back to get it, while the younger one, after she had crossed the east rail of the defendant's track and had reached a point about a foot to the west of it, stopped, facing to the southwest, toward the house to which she was going, and waited for the other child to catch up with her. As she stood there, she was struck by the defendant's car, which had approached from the north, at a speed of thirty to thirty-five miles per hour, without any warning being given her of its approach, except that her father, when the car was thirty-five to forty feet from her, perceived it and shouted her name. She was picked up twenty to thirty feet from the place where she was struck. The father testified that when he first saw the car, the motorman and another man in the front vestibule were looking at each other.

On the other side the defendant's motorman testified that

the car was going only eight or nine miles per hour just before the accident; that just as the car came about even with a big tree to the left of the track he saw the child plaintiff come out from behind it; that she was then pretty close to the car track; that she struck the car and that he stopped it as soon as it could be stopped after he saw her. There was some testimony in corroboration of his.

At the conclusion of the trial that is now being reviewed by us, the jury returned a verdict for the defendant in the father's case and for the plaintiff in the child's case, and assessed her damages at $10,000. The former case is now before us on the plaintiff's exception to the denial by the trial justice of his motion for a new trial and on other exceptions, which were taken by him at the trial. The latter case is before us on the defendant's exception to the denial by the trial justice of its motion for a new trial and on other exceptions taken by it at the trial.

To take up the child's case first, the first exception for consideration is that of the defendant to the denial by the trial justice of its motion for the direction of a verdict in its favor. Accepting as true the facts that are testified to by the plaintiff and her witnesses, and drawing from them all reasonable inferences that are favorable to her, we are of the opinion that there was evidence to go to the jury on the issue of negligence by the motorman in the operation of the car by operating it at the speed testified to by them, without giving any warning of its approach, and without keeping a sharp enough lookout for persons who might be crossing the track, and also on the issue of reasonable care on the part of the plaintiff in view of her tender years. As this evidence, in our judgment, required that the defendant's motion for the direction of a verdict in its favor be denied, we are not required, in order to sustain the denial of this motion, to decide that there was evidence to go to the jury on the issue whether the defendant had the last clear chance to avoid the accident.

The defendant, at the trial, contended in support of this

motion, and renewed the contention before us, that there was a fatal variance between the declaration and the evidence for the plaintiff. This variance, it contended, was established by the fact that in her declaration it was alleged, in substance, that at the time of the accident the child was crossing the track, whereas the evidence in her favor was that at the time when she was struck by the defendant's car and for some moments before that time she was standing in the track facing in a southwesterly direction, looking toward the house to which she was going.

But this evidence in her favor showed also that she had left the automobile and started to cross the track to go to this house and had stopped after she had reached a point a foot or so beyond the east rail, intending to wait only a few moments until her friend overtook her and then to continue across the track. In our opinion this evidence did not differ so materially from the allegation that she was crossing the track at the time of the accident as to constitute a fatal variance, which made it the duty of the trial justice to grant the defendant's motion for a directed verdict.

The defendant contends also, in support of its exception to the denial of its motion for the direction of a verdict in its favor, that because the plaintiff did not in her declaration claim the benefit of the doctrine of the last clear chance there was no issue for the jury based on that doctrine. The exception cannot be sustained on this contention, for the reason that, as we have already decided, the denial of the motion was proper, because there was evidence for the jury that the plaintiff, in view of her tender years, was in the exercise of due care at the time of the accident. Whether the issue based on the above doctrine should have been excluded from consideration by the jury because not expressly relied on in the declaration will be considered by us *infra* in connection with the defendant's exception to the refusal of its request to the trial justice that in his charge this issue be thus excluded.

The next exception insisted upon by the defendant in its brief is stated in the transcript as follows: "The defendant takes exception to that portion of the charge of the trial justice wherein the justice referred to the doctrine of the last clear chance, stating that if the jury found certain facts, the doctrine of the last clear chance might apply, the position of the defendant being that there is no evidence in the case, upon which to base any such doctrine.

It seems to us clear from the language of this exception that the defendant was not excepting to the way in which the trial justice stated the doctrine to the jury, but only to the fact that he gave them *any* instruction with regard to that doctrine and told them they could apply it, if they found certain facts from the evidence. This is clear because the exception, when taken, was based solely on the defendant's contention that there was no evidence of such facts. The question of the accuracy of the trial justice's statement of the doctrine was, therefore, not raised by the exception and we are not called upon to pass upon that question. The statement must stand as a part of the "law of the case", and as being, for the purposes of this case, a correct and complete statement of the doctrine.

It therefore follows that this exception simply presents to us for decision the first of the two questions which are presented by the next exception relied on by the defendant in its brief, namely, to the refusal of the trial justice to charge the jury as follows: "5. The plaintiff is not entitled to recover under the doctrine of the last clear chance."

This first question, thus presented, is whether there was evidence of the facts mentioned by the trial justice, in the above part of his charge, as justifying the jury in applying this doctrine. The evidence as to how the accident happened is extremely contradictory and that part of it which was in favor of a finding of such facts was not as clear and strong as it might have been. But we are of the opinion that there was evidence of real probative force to go to the jury in proof of such facts; that the giving by the trial jus-

tice to the jury of this part of his charge should not be held to have been erroneous for the only reason set forth in the exception thereto; and that his refusal to charge as requested by the defendant was not erroneous for want of evidence for the jury on the issue of the last clear chance as defined by him in that part of his charge.

The other question presented by the exception to his refusal to charge as requested in the defendant's fifth request is whether that issue should have been excluded from consideration by the jury because not relied on in the declaration. We find nothing in the record to indicate that this question was raised in the superior court and therefore we have much doubt whether it can properly be raised here. However, assuming that it is properly before us, we will consider the question.

The defendant contends that because the plaintiff has alleged in each count of her declaration that she was in the exercise of due care, she cannot recover under the above doctrine. But it is clear to us that the mere fact that she has alleged due care on her part and failed to prove it, assuming that she *has* failed, cannot prevent her from recovering damages, if she has proved such facts, concerning the conduct of the defendant, as, under that portion of the charge which related to this doctrine and constituted the "law of the case" on this subject, gave her the right to a verdict whether or not she was negligent.

The defendant, however, further contends that she had no right to prove such facts because "there is no allegation in any count in which the plaintiff claims a right to recover on the doctrine of the last clear chance." But we are of the opinion that she was not required, in order to recover under the doctrine, to mention it in her declaration. It is enough if she has alleged and described negligent conduct by the defendant which *may* entitle her to a verdict under the doctrine in the form that has become the law of the case. This she has done, at least in her third count. There she has alleged a duty by the defendant to watch out for persons

crossing its tracks and a negligent breach of that duty in this case, so that it did not become aware of her dangerous position until it was too late for it to avoid striking her, "which the defendant could have done but for its negligence in watching out for persons crossing its tracks as was the plaintiff." She has thus stated in substance that after the defendant would have discovered her peril, if it had been in the exercise of reasonable care, it could have avoided striking her, but did not avoid doing so. If these statements were proved, the doctrine, as it was stated by the trial justice, became applicable to the case. We therefore hold that his refusal to charge the jury as requested in the defendant's fifth request was not erroneous and it appears to us that this holding is in accord with the greater weight of authority, at least, and with the usual manner of pleading in such cases, in this state and elsewhere. The transcript, at page 366, shows that the defendant's counsel himself, in discussing his motion that verdicts be directed for the defendant, said: "These declarations are in the usual form for this type of accident," and it is well known that in this type of accident this doctrine is usually involved.

The defendant also excepted to the refusal of the trial justice to charge as follows: "If the jury find that the accident happened substantially as testified to by the operator of the electric car, the plaintiff is not entitled to recover and the verdict must be for the defendant." The question whether this is a suitable form for an instruction in view of its generality, we will not discuss, because it is clear to us that the refusal to give it to the jury as a part of the charge was not prejudicial to the defendant.

This is so because the following special issue was submitted to the jury and answered in the affirmative: "Was the plaintiff, Loretta Malfetano, struck by the electric car while standing inside the easterly rail of the car track?" This finding is clearly so substantially at variance with the testimony of the operator of the car as to the happening of the accident that obviously the jury would not have found a

verdict for the defendant because of the requested instruction, if it had been given.

The only other exceptions relied on in the defendant's brief and argument before us are to the refusal of the trial justice to order a new trial on the ground that the verdict was contrary to the evidence and the weight thereof, or was contrary to the law, or did not do substantial justice between the parties. The trial justice in his written decision on this motion stated briefly the principal facts of the case as testified to by the plaintiff and her witnesses, but made no special comments thereon, and did not discuss or even state the main features of the evidence for the defendant. The testimony on the two sides of the case being so very contradictory, it would have been very much better, if he had given us the benefit of such comments and discussion, especially as to the impression made upon him by the witnesses whose testimony was contradicted by other testimony. There is, however, nothing in his decision to show that he overlooked or misunderstood any of the evidence and he concluded with the statement that he felt "that the jury were justified in their verdict and that substantial justice has been done."

This decision is entitled to be given by us considerable weight, though lessened by the absence of such comments and discussion; and after an examination and consideration of all the evidence on the question of liability, no objection to the amount of the verdict having been relied on before us, we do not find that the verdict so clearly fails to be supported by the fair preponderance of the evidence or to do substantial justice between the parties that the denial of the defendant's motion for a new trial should be held to be erroneous.

In the father's case, in which a verdict for the defendant was returned and approved, the plaintiff's exceptions which are first mentioned and discussed, very briefly, are to the admission by the trial justice of the testimony of an expert engineer as to the conditions of illumination which he later

found at the scene of the accident through the use of a so-called light meter. We see no serious objection to the admission of this evidence for what it might be worth, nor any real reason to believe that it had any material effect upon either of the verdicts. The plaintiff does not strongly press the point and we do not find that the admission of this testimony was prejudicial error.

The next exception, which is seriously insisted on, is to the denial of the plaintiff's motion that a new trial be ordered on the ground that the verdict was against the preponderance of the evidence. In considering this exception, the most important thing to notice is that the jury, in deciding whether the child exercised due care, probably and properly took into consideration her tender years and cognate elements in her case, none of which was applicable in that of her father; and that therefore they may well have found, on the evidence, that she had not been, but he had been, guilty of contributory negligence.

There was clearly evidence to go to the jury on the issue of contributory negligence on his part, and we cannot say that the evidence proved conclusively, or even by a fair preponderance, that if negligence both by the defendant and by the plaintiff contributed to the accident and the loss resulting to the latter therefrom, the defendant, on the ground that it had had the last clear chance to avoid the accident, was liable to him for such loss. Therefore the verdict must stand, unless we are convinced, after giving the trial justice's approval thereof the weight to which it is properly entitled, that such verdict was clearly against the preponderance of the evidence.

In this case, as in the child's case, we regret that the trial justice did not in his written decision give us more assistance by commenting on and discussing the important testimony on both sides. But, though his failure to do this detracts somewhat from the weight which we should otherwise give to his express finding that substantial justice was done by the verdict, it is still entitled to much weight, and we are

not convinced; after considering the evidence, that his refusal to order a new trial was erroneous.

The next exception relied on by the plaintiff in his brief is to the refusal of the trial justice to charge the jury as set forth in the plaintiff's first request to charge, which was, in substance and omitting details, that if the jury found that the child stopped on the track and was unaware of the danger to which she was exposed and the motorman knew or ought to have known of such danger so long before the car struck her that by the exercise of due care thereafter he could have stopped the car before it struck her, her act in standing within the rails should not be regarded as contributory negligence and the jury should find for the plaintiffs.

This request to charge is based on the last clear chance doctrine in the form most favorable to a plaintiff who, while negligently in a position of danger of being struck by vehicles and not aware of the approach of a vehicle, has received physical injuries from being struck by such vehicle negligently operated by another. If we assume that the doctrine as stated in this request is correct and, if supported by evidence, is applicable to such a person, and that it would then operate to the benefit of another person who sustained monetary damages as a result of such injuries without having in any way contributed to the causing of such injuries, it by no means follows that it would operate to the benefit of any other person whose negligence *had contributed* to the causing of such injuries.

In our judgment, if the last clear chance doctrine applies to the benefit of such a negligent person, it must be in the original form of that doctrine before its modification by the supplementary and much more recent "discovered peril" or "humanitarian" doctrine, as included in the above request to charge. To be more specific, it is our opinion that, even if the child, on the evidence as believed by the jury, was entitled, under the more liberal form of the last clear chance doctrine, to recover for her injuries, her father, if

reasonably found by the jury on the evidence to have been negligent in allowing her to get into and remain in her position of danger, without warning her soon enough to enable her to get into a position of safety before being hit, would not be entitled to recover the damages indirectly sustained by him, unless he proved that after the accident had ceased to be preventable by the exercise of reasonable care on his part, there was still a clear interval of time remaining, within which reasonable care on the motorman's part would have prevented the accident.

The fundamental principle of the last clear chance doctrine is well stated in 1 Shearm. & Red. on Neg., (6th ed.) 255, § 99, as follows: "That principle is that the party who has the last opportunity of avoiding accident is not excused by the negligence of any one else. His negligence and not that of the one first in fault is the sole proximate cause of the injury."

The necessary element in the father's case, that of proof of his freedom from contributory negligence, or at least, on the possible view most favorable to him, of proof of such a clear interval of time as above described, was entirely omitted in the request to charge made in his behalf, as well as in behalf of the child. We therefore hold that it was not error by the trial justice to refuse that request.

We are also of the opinion that there was no evidence which would have justified the jury in finding a verdict for the father on the doctrine of the last clear chance, in the only form of the doctrine which might have been applicable in his case, if there had been evidence to support it. Therefore we see no just cause for complaint by the father that in his case the trial justice did not more clearly and definitely charge the jury as to that doctrine.

By reason of the differences in the doctrine as applicable or possibly applicable in the two cases respectively, and by reason of the different conclusions as to care which the jury may well have reached in the two cases, we see no necessary or even probable inconsistency between the two verdicts

rendered. The two following cases are strikingly similar, in their facts and the main points of law involved, to the instant cases. *Bellefontaine & Indiana R. R. Co.* v. *Snyder,* 18 Ohio St. 399, and *Bellefontaine R. R. Co.* v. *Snyder,* 24 Ohio St. 670. In the former case a child six years old recovered for her injuries received from being hit by the defendant's train, while she was crossing its track, and her recovery was sustained. In the latter her father was held not entitled to recover for his damages, resulting to him from the same injuries to her, because by his agent, who was with the child and in charge of her, he had been guilty of negligence in not preventing her from getting into the dangerous position where she was hit.

No other exception by the father, in the case now before us, than those above discussed has been insisted upon in this court. The others are therefore treated as waived.

The plaintiff's exceptions in the case of Edward Malfetano and the defendant's exceptions in the case of Loretta Malfetano are overruled and each of the two cases is remitted to the superior court for entry of judgment on the verdict as rendered therein.

*Hoyt W. Lark, Hart, Gainer & Carr,* for plaintiffs.
*Clifford Whipple, Frank J. McGee,* for defendant.