ARDUINO A. DECUBELLIS *vs.* ANTONIO MELLUCCI

NOVEMBER 5, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J. This action in assumpsit was brought by the plaintiff, as the payee and holder of a certain promis-

sory note allegedly made by the defendant, to recover the face amount thereof, with interest, making a total of $5351.46, claimed to be due. The trial in the superior court before a justice thereof, sitting with a jury, resulted in a verdict for the defendant. The plaintiff's motion for a new trial upon the usual grounds, and one other ground of alleged improper and prejudicial conduct by the defendant's counsel during the trial, was duly made, was subsequently heard, and was denied, to which ruling the plaintiff duly excepted.

The case is before us on this exception, and one other relating to an alleged error in the charge of the court to the jury. At the hearing before us, however, counsel for the plaintiff did not press the latter exception, apparently relying solely upon his first exception to the trial court's refusal to grant his motion for a new trial. The second exception is deemed to be waived.

The evidence on behalf of the plaintiff shows that he was the owner and holder of a promissory note, in the sum of one thousand dollars, made by one Petrucci, which was secured by the latter's second mortgage upon certain real estate upon which there was also a prior first mortgage held by Robert L. Walker Company in the sum of $5000. Upon default by the mortgagor in certain of the obligations of these mortgages, the plaintiff began proceedings to foreclose the second mortgage by advertising the premises for sale at public auction. The notice of sale did not state that the second mortgage was made subject to the prior mortgage or that the sale was to be made subject thereto. Nor did the auctioneer announce that fact as part of the terms of sale on the day of the auction.

According to the plaintiff, the defendant was present at the sale on February 5, 1929, and purchased the property on his bid of $6500. There is also testimony from a witness for the plaintiff that the bid was $6000. Other testimony shows that on the next day the defendant accompanied the plaintiff to the office of a lawyer selected by the plaintiff,

where the mortgage and note in question, purporting to represent the purchase price, were prepared. Both note and mortgage were signed then and there by the defendant by his mark according to the plaintiff. The evidence for the plaintiff further showed that the defendant's acknowledgment to the mortgage was then and there taken by the attorney, who drew the mortgage and note. According to the testimony of the attorney, the defendant's identity was made known to him and vouched for entirely by the plaintiff himself, who also acted throughout the transaction as interpreter for the defendant. The attorney testified that he had attended the sale, but had never seen the defendant before February 6, 1929, when the defendant was brought to his office. In preparing the note and mortgage and in taking the defendant's acknowledgement, he relied entirely on the plaintiff's identification of and representations concerning the defendant. The face amount of the note and mortgage appears in the evidence to be $3485, and with accumulated interest makes up the total of $5351.46, which the plaintiff seeks to recover.

The evidence on behalf of the defendant discloses substantially that he is an illiterate man who neither speaks nor writes in the English language and that he is obliged to make his signature by means of a mark. He positively denied that he was present at the foreclosure sale, or that he made any bid or purchased the premises at that or any sale. He also denied that he was present at the lawyer's office when the note was allegedly signed; or that he signed with his mark the mortgage or the note upon which this action is based. On the contrary, he asserts that the plaintiff was actually indebted to him for a previous loan in the amount of $2000; that he had commenced action against the plaintiff to recover it; and that shortly thereafter the plaintiff began the present action which was the first he knew of the existence of the alleged note for $3485, supposedly signed by him by his mark.

.It is undisputed by the plaintiff that there were no payments of principal or interest made by the defendant on this mortgage note at any time during the five and a half years from its date. The plaintiff apparently had great difficulty in explaining how the defendant was indebted to him in the amount of $3485 by virtue of any alleged purchase at the foreclosure sale. The amount of the foreclosed second mortgage was $1000; of the first mortgage about $5300; and the bid and purchase price was allegedly $6500. The first mortgage was admittedly not then paid off, but remained due and open of record when the defendant's alleged mortgage of $3485 to the plaintiff was recorded by him. In fact he was not able to explain it satisfactorily and apparently did not convince the jury that the defendant was indebted as alleged, which was a burden upon the plaintiff to discharge in order to justify his recovery.

The issues, as conceded by counsel before us, all were based upon facts concerning which the evidence is sharply conflicting. Their determination, therefore, rested largely upon the credibility of the witnesses. The jury, who saw and heard them testify, evidently were not convinced by the plaintiff's evidence that the defendant .was indebted as alleged and their verdict has been approved by the trial justice. We have considered the transcript of evidence and find nothing therein to take this case out of the well-established rule that a verdict on conflicting evidence when approved by the trial justice will not be disturbed unless shown to be clearly wrong. *Surmeian* v. *Simons*, 42 R. I. 334; *Malfetano* v. *United Electric Rys. Co.*, 58 R. I. 129, 191 A. 491.

The claim of the plaintiff concerning alleged prejudice at the trial, because of remarks or actions of the defendant's counsel, is not properly before us. No exception was taken by the plaintiff nor does it appear that he sought to have the case taken from the jury and passed for such reason. See *Menzoian* v. *Johnson*, 57 R. I. 196, 189 A. 410, 414.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the verdict.

*Frank H. Wildes,* for plaintiff.
*William H. McSoley, James Di Prete,* for defendant.