214 A.2d. 853.
JOSEPH TAGLIONE *vs.* TOURTELLOT & CO., INC.

DECEMBER 2, 1965.

PRESENT: Roberts, Paolino and Joslin, JJ.

PAOLINO, J. This action of trespass on the case for negligence was heard before a justice of the superior court sitting with a jury and resulted in a verdict for the plaintiff in the sum of $1,200. The cause is before us on the defendant's exception to the denial of its motion for a directed verdict and also on the plaintiff's exception to the granting of the defendant's motion for a new trial.

We note at the outset that the question of defendant's negligence is not disputed. The trial justice, in passing on defendant's motion for a directed verdict, expressly stated that there was clearly evidence on which defendant could be found guilty of negligence. The defendant does not seriously question this finding.

The only issue before us, as both parties readily concede, relates to the question of plaintiff's contributory negligence. The plaintiff contends that this was a fact question for the jury; the defendant, on the contrary, argues that the probative force of the evidence is so conclusive of negligence by plaintiff that the only reasonable inference to be drawn therefrom is the absence of due care on his part and therefore he is guilty of contributory negligence as a matter of law. With these directly conflicting contentions in mind,

we shall proceed to an examination of the pertinent evidence.

The plaintiff, a man fifty-eight years of age, operated a grocery store in the city of Warwick and had been doing business with defendant for approximately twenty-two years. The defendant was a produce wholesaler with a place of business at the fruit and produce building in Providence. The defendant displayed its fruit and produce on a cement platform approximately 4 to 5 feet above street level. Its customers would park their vehicles on the pavement below the platform and would then climb up a series of stairs to defendant's premises.

On September 10, 1958 plaintiff went to defendant's place of business to purchase fruit and produce for his store. When he arrived the area was wet, it was then drizzling, and it had rained the previous night. He parked his car in front of the platform and, while carrying a box of apples to his car, he slipped on the steps leading from the platform to the area where his car was parked. He testified that as he was about in the middle of the steps coming down, his left foot slipped from under him and he fell backward, injuring his back.

He testified further that during the time he had been going to defendant's place there always had been "junk on the stairs, lettuce, a peel of orange, and even peel of bananas"; that on the day of his injury he noticed a lot of "stuff on the steps"; that after he had fallen he noticed lettuce on the step and on his shoe; that on the day in question the steps were wet and had lettuce leaves, orange peels, and "so forth" on them; that before his fall he had made 3 or 4 trips up and down these steps carrying cases of produce; that when he fell he was carrying a box of apples, the box being about 17 inches long and a foot high and weighing about 40 pounds; that with both arms underneath the box he lifted it to the height of his chest; that with the box in

this position he could not see the stairs as he walked down them; and that he knew when he started down the stairs that the stairs had this lettuce and orange on them.

The plaintiff also testified that in making purchases he would select his fruit and produce and then be told to get his merchandise and carry it to his own car; that the steps he used and on which he fell were the only ones he could use in leaving defendant's platform; that he never saw anyone cleaning the area or sweeping the steps; that on the morning in question he had been there about twenty to thirty minutes and the steps were in their usual condition, covered with lettuce leaves, orange peels, and so forth. None of his testimony was contradicted by defendant on any point pertinent to the issues before us. On the view we take, we do not deem it necessary to discuss any other evidence.

On this record it is not necessary to consider the question of defendant's negligence. As we have already pointed out it was clearly negligent. The narrow question here relates solely to whether plaintiff was in the exercise of due care at the time of this accident. We hold that on the basis of his own testimony he was guilty of contributory negligence as a matter of law and that consequently the trial justice erred in denying defendant's motion for a directed verdict.

We are not unmindful of the rules in this jurisdiction governing the duty of a trial justice in passing on a motion for a directed verdict and it will serve no useful purpose to repeat them here. See *Hill* v. *A.L.A. Construction Co.,* 99 R. I. 228, 206 A.2d 642; *McVeigh* v. *McCullough,* 96 R. I. 412, 192 A.2d 437; *Kenyon* v. *Murray,* 90 R. I. 423; *Sylvester* v. *Buerhaus,* 71 R. I. 335.

It is true that in this state the question of a plaintiff's contributory negligence is usually a question of fact for a jury, and only rarely a question of law. *Floyd* v. *Turgeon,* 68 R. I. 218, 224; *Quinn* v. *Poole,* 85 R. I. 280, 285. But,

as the court said in *Floyd* v. *Turgeon, supra,* at page 224: "Where the facts are such that a person of ordinary prudence would instantly perceive what to do or what to refrain from doing, it may become a question of law for the court." See also *Quinn* v. *Poole, supra,* where the court said at page 285: "It is well established that the question of contributory negligence is generally one of fact to be determined by a jury, unless the evidence is so clear that only one reasonable inference can be drawn therefrom." See also *Dwinell* v. *Oakley,* 61 R. I. 88, 91, where the court said: "The general principles of what constitutes due care on the part of a plaintiff are well settled by our decisions, 'but their proper application is affected by each set of facts.'"

We have examined all of the cases cited by plaintiff on this issue and find that they are factually different from the case at bar. In our opinion the evidence in the instant case is so clear that only one reasonable inference can be drawn therefrom, that being an absence of due care on the part of plaintiff. His uncontradicted testimony is that at the time of his fall he knew the steps were wet and had lettuce leaves, orange peels and so forth on them; that while carrying the box of apples in the manner described by him he could not see the stairs as he walked down them; and that when he started down he knew the lettuce leaves and orange peels were there. The probative force of such testimony is so conclusive of negligence that it is susceptible of only one reasonable inference, namely, that plaintiff was not in the exercise of due care and was therefore guilty of contributory negligence as a matter of law. See *Calci* v. *Brown,* 95 R. I. 216, 186 A.2d 234. In our opinion the uncontradicted facts in this case are such that a person of ordinary prudence would instantly perceive what to do or what to refrain from doing. *Floyd* v. *Turgeon, supra,* at page 224. He would not do what plaintiff did in this case.

On the basis of the record before us it is not necessary to

pass on plaintiff's exception to the trial justice's ruling granting defendant's motion for a new trial. However, we believe that certain observations made by the trial justice in passing on such motion are worthy of consideration. In discussing the merits of defendant's motion for a new trial the trial justice stated in substance that he could not see how a finding of freedom from negligence on the part of the plaintiff could be justified, but he expressed some doubt as to whether "we really have the real power to direct verdicts on the subject of contributory negligence."

After carefully examining many of the cases decided by this court wherein the question of contributory negligence was an issue, we have no hesitancy in holding that in a proper case a trial justice undoubtedly has the power to treat the issue of contributory negligence as a question of law and to determine the motion for a directed verdict accordingly. See *Quinn* v. *Poole* and *Floyd* v. *Turgeon*, both *supra*.

The plaintiff's exception is overruled pro forma. The defendant's exception to the denial of its motion for a directed verdict is sustained, and on December 15, 1965, the plaintiff may appear before this court and show cause, if any he has, why the case should not be remitted to the superior court with direction to enter judgment for the defendant.

*John P. Bourcier*, for plaintiff.

*Charles H. Anderson*, for defendant.