247. A.2d 842.

TIAGO FERREIRA, *Administrator vs.* McGRATH TRUCK LEASING CORP.

TIAGO FERREIRA, *Administrator vs.* UNITED STATES STEEL CORP.

TIAGO FERREIRA, *Administrator vs.* DONALD B. WASSMOUTH.

NOVEMBER 20, 1968.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

KELLEHER, J. These are three negligence actions in which the plaintiff administrator seeks to recover damages for injuries suffered by the decedent, his father, when he collided with a truck as he attempted to cross a public highway in the city of East Providence. The defendants are the lessor, lessee and operator of the truck respectively. The cases

were consolidated for a trial and heard before a justice of the superior court sitting with a jury. They are before us on the plaintiff's appeal from a judgment entered in the superior court wherein the trial justice granted the defendants' motion for a directed verdict. The motion was made after the plaintiff had concluded offering his testimony. We shall discuss here only the action brought against the truck driver since this is also determinative of the appeals of the other defendants.

The record shows that in the early afternoon of November 5, 1956, Antonio Ferreira, age 64, while attempting to cross Warren Avenue collided with the right rear of a stake-body truck which was being operated by defendant driver. The pedestrian received substantial head injuries which required surgery and a lengthy hospitalization. Mr. Ferreira never fully recovered from the effects of the collision. His mental condition deteriorated to such a point that these suits were instituted by plaintiff as the guardian of his father's estate. On March 8, 1962, the death of Antonio Ferreira was suggested on the record and plaintiff as the administrator of the decedent's estate was substituted as plaintiff. The death of Mr. Ferreira was not attributable to the injuries he received on November 5, 1956. At the trial which commenced in May 1967, plaintiff elicited testimony surrounding the circumstances of the mishap from two persons. One was defendant driver and the second witness was a lady who was walking behind Mr. Ferreira and observed his actions on a November day of some 11 years before.

Warren Avenue runs in an east-west direction. It is one of East Providence's main thoroughfares. The driver testified that shortly before the pedestrian was injured, he had stopped his truck at a traffic light at the intersection of Warren and Lyon Avenues. His vehicle was the first in a line of traffic headed easterly along Warren Avenue. When

the light turned green, the operator resumed his trip. His duty at this particular time was to deliver some steel products of his employer to a customer in Riverside. He accelerated slowly and as he reached a point, which the driver estimated to be about two or three truck lengths past the intersection, he saw a man on the sidewalk to his right walking toward the street with his head down. The driver did not sound his horn or alter the direction of the truck as he was able to keep the pedestrian within the periphery of his vision until the cab of his truck had passed the point where he was standing. The defendant said he assumed Mr. Ferreira was standing on the edge of the sidewalk because he did not recall seeing him step off the curbstone. He then heard a "thump," and as he looked through his rear-view mirror, the driver saw the deceased falling away from the rear of the truck.

The other eyewitness was Mrs. Lorraine Suarse. Her testimony largely corroborated that of the truck driver. She described November 5, 1956 as a clear cold day. She was walking on the southerly sidewalk of Warren Avenue in the same direction that the truck was travelling. She first saw Mr. Ferreira up ahead of her. He was 50 feet away. At this time he appeared to be standing still in the middle of the sidewalk. Mrs. Suarse concisely summarized what she had observed in her reply to the following question:

> "Q You were about 50 feet from him. And then what did Mr. Ferreira do?
> "A He walked to the curb. Waited; then stepped into the street. He hesitated; then walked out on an angle into the back of a truck."

During her appearance on the witness stand, the lady further expanded on this statement. She told the court and jury that as the truck proceeded along Warren Avenue its right side was about five to six feet from the southerly curb. She stated that when the decedent was standing in

the street, he was so close to the curbstone that his heels were probably touching it. He was looking straight ahead. Thereafter, he advanced into the street and struck the rear of the truck. The witness also said that as the pedestrian left the curbstone and started into the highway, she called out to warn him of his peril. Mrs. Suarse said that the pedestrian left the curbing and started for the other side of Warren Avenue just as the cab of the truck passed him.

Throughout the trial, plaintiff's counsel directed much of his questioning to the physical layout of the truck and the cargo it was carrying. In doing so counsel was attempting to adduce evidence to support an allegation in his complaint that some item being transported in the truck had protruded from its side and struck Mr. Ferreira. A searching examination of the record, however, fails to reveal the presence of any evidence which supports such a theory. The driver estimated that his vehicle was about 28 feet long. Its weight was about eight tons. The cargo aboard the truck at the time of the accident weighed about 2500 pounds. The vehicle had an enclosed cab with a long open bed adjoining it. The driver, of course, sat in the cab. Positioned on each side of the bed at almost equal distant points were several upright wooden stakes. Mr. Ferreira came into contact with a stake which stood above the truck's right rear wheel. The point of contact was on a stake just as it went into the truck bed.

It is our opinion, after a thorough study of the record compiled below and the arguments advanced on behalf of plaintiff, that the question of Mr. Ferreira's own negligence is determinative herein. We will not therefore discuss that portion of the trial justice's finding that plaintiff had failed to produce any evidence of the driver's negligence.

Although this court has repeatedly held that a question of contributory negligence is ordinarily one of fact to be determined by the jury, we have also declared that in a

proper case the trial justice may treat the question as one of law when he is called upon to rule on a motion for a directed verdict. *Taglione* v. *Tourtellot & Co.,* 100 R. I. 292, 214 A.2d 853. It is elementary that when such a motion is made, the trial justice does not weigh the evidence but rather views it in the light most favorable to the plaintiff giving him the benefit of all the reasonable inferences to be drawn therefrom. Nevertheless, when ruling on the motion if it clearly appears to the court that the only reasonable inference to be drawn from the evidence is that a person of ordinary prudence would not have acted as the plaintiff, the trial justice is under a duty to treat the matter as one of law and direct a verdict for the defendant. *Floyd* v. *Turgeon,* 68 R. I. 218, 27 A.2d 330; *Quinn* v. *Poole,* 85 R. I. 280, 130 A.2d 364. Admittedly such cases are unique. The instant case is, however, just such a case.

Our review of the evidence adduced in the superior court, even giving plaintiff, as we must, the benefit of all reasonable inferences flowing therefrom, depicts a classic instance of contributory fault. Although defendant driver and Mrs. Suarse differ as to the exact spot where the deceased was standing as the truck's cab passed him, we deem the discrepancy to be insignificant. The driver said Mr. Ferreira appeared to be standing on top of the southerly curb. Mrs. Suarse testified that the decedent was standing in the street alongside the curb looking straight ahead. What is obvious is that the deceased left the safety of the roadside and walked a distance of almost six feet into the rear of the moving vehicle. He abandoned his place of safety for a position of danger.

It is uncontradicted that Mr. Ferreira was in good health as he stood on Warren Avenue when defendant driver passed him. He must be presumed to be mindful of his surroundings and the caution to be exercised in traversing a well-traveled highway. As he stood there looking forward

and began his ill-fated crossing, the bed of the truck was beginning to go by him. To be looking straight ahead and not perceive what occupied the highway in front of the decedent is to be looking without exercising a reasonable degree of care. Looking without seeing avails plaintiff's decedent nothing. See *Keenan* v. *Providence Journal Co.*, 52 R. I. 54, 157 A. 302. Mrs. Suarse's testimony shows conclusively that the deceased approached the perils of his intended crossing in a most heedless and oblivious manner. She stated in a positive and direct fashion that the truck did not strike the pedestrian but rather that he walked into the vehicle. The only reasonable inference that can be drawn from the evidence presented by plaintiff is that his decedent's conduct amounted to contributory negligence as a matter of law.

In one last effort to sustain his burden, plaintiff apparently relying on *Silvia* v. *Caizzi*, 63 R. I. 172, 7 A.2d 704, contends that since his father died without testifying about or relating to anyone the events of November 5, 1956, there is a presumption that at the time he collided with the truck he was in the exercise of due care. This argument merits little consideration as the situation in the *Silvia* case was entirely different. There the deceased was found dead on the highway, and there were no witnesses to the accident. Later in *Rawding* v. *Lonsdale Bakery Co.*, 71 R. I. 50, 42 A.2d 275, this court held that the presumption referred to in *Silvia* could not be invoked in a case where there is competent evidence showing a plaintiff's want of due care. Here, Mrs. Suarse's uncontradicted description of the decedent's action bars the use by plaintiff of the rule of law which in certain circumstances holds a person is presumed to be in the exercise of due care.

Furthermore, it is our considered judgment that plaintiff cannot invoke the doctrine of the last clear chance. The guiding principles which govern its application have been

set forth in *New England Pretzel Co.* v. *Palmer,* 75 R. I. 387, 67 A.2d 39, and reiterated in *Major* v. *Grieg,* 102 R. I. 379, 230 A.2d 846, and *Cinq-Mars* v. *Standard Cab Co.,* 103 R. I. 103, 235 A.2d 81. We have held consistently that this doctrine, which permits a plaintiff to avoid the consequences of his own lack of due care, shall be applied only when the evidence shows that the plaintiff's situation was one of "discovered peril." This phrase depicts limited factual circumstances wherein defendant comes upon plaintiff who has unwittingly placed himself in a position of danger. Thereafter, it must be shown that the defendant either knew, or in the exercise of due care should have become aware, of the plaintiff's distress and his inability to extricate himself therefrom; that the defendant, nevertheless, disregarded the plaintiff's jeopardy and proceeded in a negligent manner injuring the plaintiff; and that this subsequent act of negligence may be deemed the sole proximate cause of the resulting harm. *Malfetano* v. *United Electric Rys.,* 58 R. I. 129, 191 A. 491.

It is a basic principle in applying the doctrine that a defendant must have had the last clear chance to avoid the accident. Here the plaintiff's decedent did not begin his perilous perambulation until the truck driver in his cab had passed him. All the evidence shows that Mr. Ferreira did not start walking out into Warren Avenue until the cab portion of the truck had gone by him. Both witnesses agreed that there was no reason to sound the truck's horn or change the vehicle's direction because as the driver sitting in his cab drew abreast of the decedent, Mr. Ferreira was standing motionless at or near the curb. Since there is no evidence which would warrant any inference that the defendant could have avoided the accident, we can find no grounds upon which the doctrine can be applied.

In each case, the plaintiff's appeal is denied and dismissed and the judgment appealed from is affirmed.

*Abraham Goldstein,* for plaintiff.

*Keenan, Rice & Dolan, John T. Keenan,* for defendants.