303 A.2d 765.

LOUIS GARRIS *vs.* AMELIA GLOSS.

MAY 4, 1973.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

PAOLINO, J.   This is a civil action ·in which the plaintiff seeks to recover damages for personal injuries sustained by him, on certain premises owned by the defendant, as a result of the latter's alleged .negligence in allowing snow and ice to accumulate on the rear walk approaching the back steps, and on the back steps entering the rear of the dwell-

ing, a common passageway for tenants and persons lawfully upon the premises. The case was heard before a justice of the Superior Court sitting with a jury. After the plaintiff closed his case on the question of liability, the defendant moved for a directed verdict pursuant to Super. R. Civ. P. 50(a). The case is before us on the plaintiff's appeal from the judgment entered in the Superior Court granting the defendant's motion.

The trial justice based his decision granting defendant's motion on two grounds. The first was that plaintiff was contributorily negligent as a matter of law and that this case was governed by our decision in *Taglione* v. *Tourtellot & Co.*, 100 R. I. 292, 214 A.2d 853 (1965).[1] The second ground was that, as a matter of law, defendant's negligence, if any, could not be the proximate cause of this accident and that the proximate cause was a wet staircase inside, which became wet by virtue of the actions of the plaintiff and the other members of his crew.

We agree with the trial justice's finding that plaintiff was guilty of contributory negligence as a matter of law. Since our conclusion with respect to this issue is dispositive of this appeal, it becomes unnecessary to consider the question of proximate cause. We therefore limit our discussion of the facts only to the evidence which relates to the question of whether the trial justice was correct in holding that plaintiff was contributorily negligent as a

---

[1]In *Taglione* v. *Tourtellot & Co.*, 100 R.I. 292, 214 A.2d 853 (1965), which involved a fall on stairs, plaintiff, a grocer, testified that over a period of years there was always an accumulation of portions of fruit and vegetables on steps used by him in conveying to his car produce purchased from defendant, a dealer; that when he fell the steps were wet; that carrying a box of apples he could not see the stairs as he walked down; and that when he started down he knew lettuce leaves and orange peels were there. The court held that plaintiff was guilty of contributory negligence and defendant's motion for a directed verdict should have been granted.

matter of law at the time of the accident in which he was injured. For the purpose of this discussion we shall assume that defendant was negligent.

The pertinent facts follow. The defendant owned a tenement house on Laurel Hill Avenue in the City of Cranston. The second-floor tenant engaged George Arpin Van Lines to move furniture from the second-floor tenement. On January 13, 1970, Arpin sent three of its employees to do the job. These included plaintiff and two co-workers, one of whom was named William J. Hogan. When they got to the job at about 8:30 in the morning, there was snow. It had been snowing the day before and had stopped during the night. They backed up the truck in a driveway alongside the house. Mr. Hogan was driving. When they got out of the truck there was a distance of 10 or 15 feet between the tailgate of the truck and the back landing steps of the house which they would have to walk over in order to load the van.

The plaintiff testified that the condition of the platform and outside stairs was the same as the sidewalk; that there was snow on top of ice; that it did not appear that it had been shoveled at all; and that one of them swept the loose snow on the outside landing and steps. They laid burlap on the stairs and in the hallway to soak up water and provide gripping outside and on the stairs and landing. After they had been moving furniture for several hours, the burlap and inside stairs got wet because, as plaintiff testified: " * * * when you go in and out * * * you carry some snow on your shoes and as you're going up and down stairs a lot of that knocks off your shoe and melts right away."

The plaintiff was an experienced mover and had worked in the moving business for 10 to 15 years. In the afternoon, after they had worked several hours getting most of the "little stuff" out, one of the last things to be moved was the

refrigerator. He described how they took the refrigerator out as follows:

> * * * there's a top man and a bottom man and a man stands behind in case anything happens and the refrigerator goes over the bottom man that somebody can yell and the back man usually supports it with the help of the top man."

The plaintiff was the bottom man and the accident happened on the third or fourth step from the top. He was underneath with the refrigerator on his back and Hogan was holding the straps supporting the refrigerator's weight. Mr. Hogan's foot slipped on the stairs because the stairs were wet from the tracking that had been going on for three or four hours. All the weight came down on plaintiff and he was injured.

The plaintiff admitted that when he started down the stairs he knew the stairs were wet from the snow tracked in by him and his co-workers prior to moving the refrigerator; that they made no other efforts to clean the area between the steps and the point where the truck was parked because they were not paid to clean and shovel snow; that they were paid to save people money and if they took too long it would cost those people more money; and that they went ahead hoping that eventually somebody would clean that area. The plaintiff also testified that moving a refrigerator is a very dangerous job even for the experienced; that it is especially dangerous when stairs are wet; and that he knew this before they got started. However, they did the job because if they did not they would lose a day's pay, get in trouble with the boss and be fired. He further testified that at no time from nine o'clock in the morning till the time when he took the refrigerator out did he or anyone in his crew even mop or sweep the back stairway inside the house.

In challenging the trial justice's finding that plaintiff was guilty of contributory negligence as a matter of law plaintiff

argues that *Taglione* v. *Tourtellot & Co., supra,* is clearly distinguishable from the case at bar; that he had taken many precautionary steps to minimize his danger of slipping, and that he did everything that a reasonably prudent person would have done under the existing circumstances. It was for the jury to decide whether plaintiff, in all the circumstances then existing, acted in a reasonably prudent manner. We cannot agree with any of the arguments advanced by plaintiff on this issue.

It is true, as this court has said many times, that the question of contributory negligence is usually a question of fact for a jury. It is equally true, however, that in a proper case the trial justice may treat the question as one of law in passing on a motion for a directed verdict, namely, where the facts are such that a person of ordinary prudence would instantly perceive what to do or what to refrain from doing, or where the evidence is so clear that only one reasonable inference can be drawn therefrom. In passing on such a motion the trial justice does not pass upon the weight of the evidence or the credibility of the witnesses. Instead he must view the evidence in the light most favorable to the plaintiff and give him the benefit of all the reasonable inferences to be drawn therefrom. If it clearly appears to him that the only reasonable inference to be drawn from the evidence is that a person of ordinary prudence would not have acted as the plaintiff did, it is the duty of the trial justice to treat the matter as one of law and direct a verdict for the defendant. *Ferreira* v. *McGrath Truck Leasing Corp.,* 104 R. I. 642, 247 A.2d 842 (1968); *Taglione* v. *Tourtellot & Co., supra; Quinn* v. *Poole,* 85 R. I. 280, 130 A.2d 364 (1957).

Are the facts in this case such that a person of ordinary prudence would instantly perceive what to do or what to refrain from doing? Is the evidence so clear that only one reasonable inference can be drawn therefrom, namely, that a

458

person of ordinary prudence would not have acted as plaintiff did? If our answer is "Yes," we affirm, but if it is "No," we must reverse. We are persuaded by our examination of the record that both questions must be answered in the affirmative and that the evidence, and the reasonable inferences to be drawn therefrom, clearly establishes as a matter of law contributory negligence on the part of plaintiff.

There is a complete failure of proof showing freedom from contributory negligence. The plaintiff was an experienced mover. He himself had tracked in some of the snow which made the steps wet and slippery. He admitted that he knew the steps were wet and slippery before he started moving the refrigerator. He also admitted he knew that moving a refrigerator on wet steps was very dangerous. Notwithstanding such knowledge he undertook to move the refrigerator in spite of the dangerous conditions then existing. In the light of such testimony by the plaintiff, how can it be said that the trial justice erred in finding that the plaintiff was guilty of contributory negligence as a matter of law and that this case was governed by *Taglione* v. *Tourtellot & Co., supra?* The fact that the plaintiff and his coworkers had no mop or shovel or depended on others to remove the dangerous condition, or took the precautionary steps mentioned by the plaintiff and Hogan to minimize the dangerous condition does not negate the finding of contributory negligence as a matter of law. We hold that the trial justice was correct in ruling as he did on this question and therefore affirm.

The judgment is affirmed.

*Robert C. Hogan,* for plaintiff.

*Swan, Keeney & Jenckes, Harry W. Asquith, Conrad M. Cutcliffe,* for defendant.