330 A.2d 74.

JOSEPH L. DESROSIERS *vs.* HEMINGWAY BROS.
INTERSTATE TRUCKING COMPANY.

JANUARY 8, 1975.

PRESENT: Roberts, C. J., Paolino, Joslin, Kelleher and Doris, JJ.

ROBERTS, C. J. This is a civil action brought to recover wages allegedly lost as a result of a breach of an oral agreement between the International Brotherhood of Teamsters and the defendant, Hemingway Bros. Interstate Trucking Company (Hemingway). The complaint alleged that under that agreement the defendant Hemingway, if it hired certain truck drivers who were laid off as a result of the closing of Hemingway's terminal in Fall River, Massachusetts, was obligated to do so in accordance with the drivers' seniority status acquired while working for Hemingway in its Fall River operation. After the plaintiff had rested, the defendant moved for a directed

verdict, the motion was granted, and judgment entered for the defendant. From that judgment the plaintiff is prosecuting an appeal to this court.

It is not disputed that plaintiff was employed as a truck driver by Hemingway in February of 1957, at which time Hemingway halted its operations in Fall River and laid off the drivers it had employed at that facility. Desrosiers testified that on Friday, February 8, 1957, representatives of the Fall River and Providence locals of the International Brotherhood of Teamsters met with defendant. Admitting that he did not attend that meeting, he testified that he had heard that those who did attend had made arrangements whereby those drivers laid off by reason of the closing of the Fall River terminal, if needed by the Providence or New Bedford operations, would be hired in accordance with their seniority status acquired during their employment at the Fall River terminal.

The plaintiff further testified that one Austin, manager of defendant's Fall River terminal, informed him of Hemingway's intention to lay off the drivers working out of Fall River and to fill the hiring needs of the Providence and New Bedford operations from those drivers in accordance with their seniority. On Sunday, February 10, Austin met with a number of unemployed drivers and prepared a list of those who should report on the following day to Providence and those who should report to the terminal in New Bedford. However, according to plaintiff's testimony, Hemingway thereafter hired drivers who were junior in seniority status to plaintiff and thereby violated the terms of the oral agreement.

Under this court's decisions in *Pina* v. *Narragansett Donuts, Inc.*, 111 R. I. 504, 304 A.2d 655 (1973), *Garris* v. *Gloss*, 111 R. I. 453, 303 A.2d 765 (1973), and *William T. Young, Inc.* v. *Simpson*, 111 R. I. 12, 298 A.2d 526 (1973), in passing on a motion for a directed verdict,

the trial justice must view the evidence most favorably to the party moved against, draw all reasonable inferences from the evidence favorable to that party and refrain from weighing the evidence and passing upon the credibility of the witnesses. In the instant case, if in so viewing the evidence one can reasonably infer that in fact the alleged oral collective bargaining agreement was created, that Hemingway was bound thereby, and that such agreement was breached, then the trial justice acted improperly in granting defendant's motion for a directed verdict.

The record contains evidence tending to show that Hemingway hired truckers laid off from the Fall River terminal and junior in seniority to plaintiff. If the evidence could reasonably support the inference that by so hiring truckers, Hemingway breached a duty owed to plaintiff, then plaintiff was entitled to have his case go to the jury. The defendant owed plaintiff such a duty if it had entered a contract whereby plaintiff as a third-party beneficiary had, as a result of his seniority, preferred status with respect to hiring.

The only evidence that Hemingway promised to hire according to seniority those laid off from the Fall River terminal was the testimony of plaintiff to the effect that he *heard* such an arrangement was made. The defendant made no objection to such testimony. Although this testimony was objectionable as hearsay, once defendant waived its right to object to its introduction into evidence, such testimony became competent evidence which could be considered by the court in passing on the motion for a directed verdict. *See Johnson* v. *Providence Redevelopment Agency*, 96 R. I. 139, 142, 189 A.2d 814, 816 (1963); *cf. Gilbert* v. *Girard*, 109 R. I. 68, 279 A.2d 919 (1971).

This court holds that the plaintiff's testimony, once admitted without objection, was sufficient for reasoning minds to conclude that Hemingway had agreed to fill its hiring needs according to seniority from the ranks of those laid off in Fall River. Thus, by introducing the evidence tending to establish the existence and breach of a collective bargaining agreement and damages resulting therefrom, the plaintiff has met his burden of proof. Consequently, we hold that the trial justice erred when he granted a directed verdict for the defendant.

The plaintiff's appeal is sustained, the judgment appealed from is reversed, and the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Abatuno & Chisholm,* for plaintiff.

*Joseph L. Breen,* for defendant.